■ In the Matter of Mary Ginther, Appellant, v Raymond Kelly et al., Respondents. [973 NYS2d 4]—

Order, Supreme Court, New York County (Geoffrey D.S. Wright, J.), entered April 23, 2012, denying the petition to annul respondents' denial of World Trade Center accidental dis-

ability retirement (ADR) benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the petition to annul the determination granted, and the matter remitted to the Police Board of Trustees for recomputation of the appropriate level of benefits.

Respondents failed to meet their burden of providing competent evidence rebutting petitioner's medical evidence that she suffered from post-traumatic stress disorder and depression following her service as a police officer at the World Trade Center site from September 12, 2001 until November 28, 2001 (see *Matter of Bitchatchi v Board of Trustees of the N.Y. City Police Dept. Pension Fund, Art. II*, 20 NY3d 268, 282 [2012]). Although the Medical Board rejected the conclusion of petitioner's doctors based on her delay in seeking diagnosis and treatment for her medical condition, and concluded, instead, that petitioner suffered from a personality disorder, no credible or competent medical evidence was cited in support of this diagnosis. Moreover, the Medical Board failed to provide credible evidence or research concerning the onset of a personality disorder in middle age, a conclusion disputed by petitioner's doctor. Although the Medical Board is empowered to resolve conflicting evidence, it may not ignore medical evidence and speculate as to other causes of disabling medical conditions in order to rebut the statutory presumption (see *Matter of Samadjopoulos v New York City Employees' Retirement Sys.*, 104 AD3d 551, 553 [1st Dept 2013]). Concur—Friedman, J.P., Freedman, Richter, Feinman and Gische, JJ.