■ In the Matter of JACQUELINE PLOSS, Appellant, v RAYMOND KELLY et al., Respondents. [978 NYS2d 847]—

Respondents failed to overcome the presumption of causation of General Municipal Law § 207-k by failing to cite objective medical evidence to support the finding that decedent's ventricular arrhythmia and tachycardia induced cardiomyopathy were not caused by job-related stress. Decedent's cardiologist attributed decedent's increased catecholamines to job stress, which impacted his heart condition. The Medical Board, which noted other possible causes of decedent's heart ailment, failed to cite competent and credible evidence which rebutted the conclusion of decedent's cardiologist, and merely pointed to gaps in petitioner's evidence, which is insufficient (*see Matter of Ginther v Kelly*, 109 AD3d 738, 739 [1st Dept 2013]). Concur— Tom, J.P., Acosta, Andrias, Freedman and Feinman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL VALDERAS, Appellant. [978 NYS2d 848]—

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*People v Lingle*, 16 NY3d 621 [2011]). Concur—Tom, J.P., Acosta, Andrias, Freedman and Feinman, JJ.